UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

ANTHONY M. LOGAN,            )
                             )
         Plaintiff           )
                             )    1:17-cv-00360-GZS
v.                           )
                             )
MAINE STATE PRISION, et al., )
                             )
         Defendants          )

**RECOMMENDED DECISION AFTER SCREENING COMPLAINT
PURSUANT TO 28 U.S.C. §§ 1915(e), 1915A**

In this action, Plaintiff Anthony M. Logan, an inmate in the custody of the Maine Department of Corrections, alleges he was unlawfully strip searched in his cell at the Maine State Prison.

Plaintiff filed an application to proceed in forma pauperis (ECF No. 6), which application the Court granted. (ECF No. 7.) In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2). Additionally, Plaintiff's complaint is subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

Following a review of Plaintiff's complaint, I recommend the Court dismiss the complaint.

## STANDARD OF REVIEW

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding in forma pauperis, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

In addition to the review contemplated by § 1915, Plaintiff's complaint is subject to screening under the Prison Litigation Reform Act because Plaintiff currently is incarcerated and seeks redress from governmental entities and officers. *See* 28 U.S.C. § 1915A(a), (c). The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be

granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim," *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980). To allege a civil action in federal court, it is not enough for a plaintiff merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that identify the manner by which the defendant subjected the plaintiff to a harm for which the law affords a remedy. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**FACTUAL BACKGROUND**

In the caption of his complaint, Plaintiff identifies the defendants as "Maine State Prison and staff." (Complaint at 1.) In his list of defendants, Plaintiff asserts that he intends to proceed against "MSP staff," including unnamed captains, sergeants, and corrections officers. (*Id.* at 2.) Plaintiff alleges that he was strip searched in his cell in the presence of his cell mate. (*Id.* at 3.) According to Plaintiff, female staff, including the unit manager, were "running around throughout the pod as [the] searches were being conducted." (*Id.*) Plaintiff also alleges being "searched with dirty gloves as well as other [unspecified] violations." (*Id.*) Plaintiff requests an order that would "stop the prison staff from doing wrong and not following the rules." (*Id.*)

Preliminarily, Plaintiff has failed to identify a proper defendant in his complaint. While the Court might construe his claim as an official capacity claim for injunctive relief

3

and assign an appropriate defendant, for reasons that follow, Plaintiff has failed to allege facts that would support a claim for relief.

"Although prisoners experience a reduction in many privileges and rights, a prisoner 'retains those [constitutional] rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system.'" *Sanchez v. Pereira-Castillo*, 590 F.3d 31, 41 (1st Cir. 2009) (quoting *Turner v. Safley*, 482 U.S. 78, 95, (1987)). In the specific context of strip searches conducted in connection with prison administration, the decision to search a particular inmate does not require probable cause or articulable suspicion, and a search need only be conducted pursuant to "reasonable search policies," meaning search policies "reasonably related to legitimate security interests." *Florence v. Bd. of Chosen Freeholders of County of Burlington*, 566 U.S. 318, 327 – 28 (2012) (holding that the programmatic, non-invasive strip-searching of "nonindictable offenders" housed in the general population, without reasonable suspicion, does not violate the Fourth or Fourteenth Amendment). Only strip searches that lack a legitimate purpose, or strip searches that have a legitimate purpose but that are conducted in a manner designed to humiliate, abuse, or harass prisoners, are actionable. *Id.* at 339; *King v. McCarty*, 781 F.3d 889, 897 (7th Cir. 2015) (applying the Eighth Amendment to claims involving allegations of harassment and humiliation).

Plaintiff evidently maintains that an in-cell strip search conducted in the presence of a cell mate, when female officers are in the pod and could look into the cell, violates the applicable standard. Plaintiff, however, has not alleged facts to suggest the search was conducted in the absence of a legitimate institutional purpose or was motivated by a desire

4

to harass or humiliate. In the absence of such facts, federal courts have concluded that a strip search conducted in the presence of a cell mate and in a location that might not prevent observation by female guards does not give rise to a constitutional violation.

In *Michenfelder v. Sumner*, 860 F.2d 328 (9th Cir. 1988), the Ninth Circuit held that "exposing unclothed male inmates to view by female guards" posed no constitutional problem. *Id.* at 329. *Michenfelder* involved visual (non-contact) strip searches conducted in a hallway on prisoners returning from sick call, recreation, disciplinary hearings, and visits. The searches were observable by the other prisoners on the "tier," and by female guards working in the "lock box" in the main corridor outside the tier and by video from the "control bubble." *Id.* at 329. The Ninth Circuit reasoned that such searches were reasonably related to legitimate penological interests, and "that assigned positions of female guards that require only infrequent and casual observation, or observation at distance, and that are reasonably related to prison needs are not so degrading as to warrant court interference." *Id.* at 334 (citing *Grummett v. Rushen*, 779 F.2d 491, 494 (9th Cir. 1985)). The alleged search in this case is less intrusive than the search described in *Michenfelder*. For instance, the search alleged by Plaintiff was conducted in a cell rather than in a hallway.

Consistent with the Ninth Circuit, the Seventh Circuit has held that strip searches of male prisoners in view of female guards, if conducted for a legitimate penological purpose, do not violate the Eighth Amendment, unless conducted in a manner designed to make the search gratuitously degrading. "[T]he strip search of a male prisoner in front of female officers, if conducted for a legitimate penological purpose, would fail to rise to the level of

5

an Eighth Amendment violation." *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003) (reversing dismissal where guards brought inmate to a public day room location, strip searched him "directly in front of several female guards," laughed at prisoner, made "ribald comments," and instructed prisoner to perform "provocative acts").

Plaintiff has failed to allege the absence of a legitimate penological purpose for the search. Instead, Plaintiff complains of the manner in which the search was conducted. As explained by the Seventh and Ninth Circuits, the mere possibility that a cell mate could have observed the search or that a female officer could have looked into Plaintiff's cell does not give rise to a constitutional violation. Furthermore, Plaintiff has failed to allege that any officer participating in the search took steps to harass, humiliate, or demean Plaintiff by words or actions. Finally, although Plaintiff alleges officers wore dirty gloves, Plaintiff has not alleged that with or without dirty gloves the search involved any physical contact that would harass a prisoner or pose a risk to the prisoner's health. In the absence of such facts, Plaintiff fails to state an actionable claim. *See*, *e.g.*, *Johnson v. Henderson*, No. 16-cv-01218, 2016 WL 4148172, at *2 (C.D. Ill. Aug. 4, 2016) (screening claim where facts did not suggest the absence of a legitimate penological interest or conduct designed to harass or humiliate); *Headrick v. Watson*, No. 13-cv-01302, 2013 WL 6822103, at *2 (S.D. Ill. Dec. 26, 2013) (same).

## CONCLUSION

Based on the foregoing analysis, pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(a), I recommend the Court dismiss Plaintiff's complaint.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

<u>/s/ John C. Nivison</u>
U.S. Magistrate Judge

Dated this 7th day of December, 2017.